IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF EASTPOINTE; EASTPOINTE CITY COUNCIL; SUZANNE PIXLEY, in her official capacity as Mayor of Eastpointe; CARDI DEMONACO JR., MICHAEL KLINEFELT, SARAH LUCIDO, and JOHN MARION, in their official capacities as members of the Eastpointe City Council; and STEVE DUCHANE, in his official capacity as Eastpointe City Clerk,<br><br>    Defendants. | Civil Action No. 2:17-cv-10079 |

## **COMPLAINT**

The United States of America, plaintiff herein, alleges:

1.      The Attorney General files this action pursuant to Section 2 and Section 12(d) of the Voting Rights Act, 52 U.S.C. §§ 10301 and 10308(d).

2.      Section 2 of the Voting Rights Act prohibits enforcement of any voting qualification, prerequisite to voting, standard, practice, or procedure that results in the denial or abridgment of the right to vote on account of race, color, or language minority status.

3. In this action, the United States challenges the at-large method of electing the city council of the City of Eastpointe as a violation of Section 2 of the Voting Rights Act.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331, 1345, and 2201(a) and 52 U.S.C. § 10308(f).

5. Venue is proper in this Court under 28 U.S.C. §§ 102(a)(1) and 1391(b).

## PARTIES

6. The Voting Rights Act authorizes the Attorney General to file a civil action on behalf of the United States of America seeking injunctive, preventive, and permanent relief for violations of Section 2 of the Act.  52 U.S.C. § 10308(d).

7. The City of Eastpointe is a political and geographical subdivision of the State of Michigan, situated in Macomb County.

8. The Eastpointe City Council is the legislative and governing body of the City of Eastpointe.  Eastpointe Charter ch. III, §§ 1-2.

9. Suzanne Pixley is the elected mayor of the City of Eastpointe, the presiding officer and executive head of the City.  Eastpointe Charter ch. III, § 7.  As mayor, she also serves on the Eastpointe City Council.  *Id.* §§ 1-2.  She is sued in her official capacity.

10. Cardi DeMonaco Jr., Michael Klinefelt, Sarah Lucido, and John Marion are elected members of the Eastpointe City Council. Eastpointe Charter ch. III, § 2. They are sued in their official capacities.

11. Steve Duchane is the Eastpointe City Clerk, the city official responsible for the administration of elections. Eastpointe Charter ch. III, § 23; Mich. Compl. Laws § 168.29. He is sued in his official capacity.

## ALLEGATIONS

12. The at-large method of electing the Eastpointe City Council dilutes the voting strength of black citizens, in violation of Section 2 of the Voting Rights Act.

13. Five individuals serve on the Eastpointe City Council: the mayor and the four members of the city council. Eastpointe Charter ch. III, § 2.

14. Members of the city council are each elected at-large by all voters in Eastpointe and serve staggered, four-year terms. Eastpointe Charter ch. III, § 3.

15. Michigan law does not mandate the current at-large method to elect the Eastpointe City Council. *See* Mich. Comp. Laws §§ 117.3(e), 117.27a.

16. According to the 2010 census, Eastpointe had a population of 32,442, of whom 20,898 were white (64.4%), 9,837 were black (30.3%), and 1,707 were members of other racial groups (5.3%). The City of Eastpointe had a voting-age

population of 24,103, of whom 16,885 were white (70.0%), 6,154 were black (25.5%), and 1,064 were members of other racial groups (4.4%).

17.   The black community of Eastpointe has continued to grow since the 2010 Census.  The 2010-2014 American Community Survey estimated that black residents made up approximately 39% of the total population of Eastpointe and approximately 34% of the citizen voting-age population.

18.   The black community of Eastpointe is sufficiently numerous and geographically compact to constitute a majority of the citizen voting-age population in one single-member district under an illustrative four-district plan.

19.   Review of elections establish that the black population of Eastpointe is politically cohesive and that the white population votes sufficiently as a bloc to usually defeat the preferred candidate of black voters.

20.   Black voters consistently vote for black candidates who actively campaign for the Eastpointe City Council, East Detroit Board of Education, and other county and state positions.

21.   In nearly all contested contests between black candidates and white candidates for the Eastpointe City Council, the East Detroit Board of Education, and other county and state positions, white voters cast their ballots sufficiently as a bloc to defeat the minority's preferred candidate.

22. No black individual has ever won a contested election for the Eastpointe City Council; the East Detroit School Board; or a legislative district (county, state, or federal) that includes the City of Eastpointe.

23. No black individual has ever been successfully appointed to the Eastpointe City Council.

24. Eastpointe has a history of official discrimination—including race-based residency restrictions—that effectively excluded black residents from Eastpointe for decades.

25. More broadly, Macomb County has a history of discrimination against black residents in areas including housing and public employment.

26. The black population of Eastpointe continues to suffer from the effects of discrimination in education, policing, and employment, particularly municipal employment.

27. Significant socioeconomic disparities exist between white and black residents of Eastpointe.

28. Eastpointe elections are characterized by the use of practices and procedures that impair black electoral success. These include, but are not limited to, staggered terms and off-year elections.

29. Eastpointe elections have been marked by subtle and overt racial appeals, including a proposal to close streets connecting Eastpointe to the predominantly black City of Detroit.

30. Social, civic, and political life in the City of Eastpointe remains divided along racial lines. This racial separation results in black candidates for city office having less opportunity than white candidates to solicit the votes of the majority of voters.

## CAUSE OF ACTION

31. Under the totality of circumstances, the current at-large method of electing the Eastpointe City Council results in black citizens in Eastpointe having less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice, in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301.

32. Unless enjoined by order of this Court, Defendants will continue violating Section 2 of the Voting Rights Act by administering, implementing, and conducting future elections for the Eastpointe City Council using an at-large method of election.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order:

(1)   Declaring that the at-large method of electing the Eastpointe City

    Council violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301;

(2) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with them from administering, implementing, or conducting any future elections for the Eastpointe City Council under the at-large method of election;

(3) Ordering Defendants to devise and implement an election system for the Eastpointe City Council that complies with Section 2 of the Voting Rights Act; and

(4) Granting such additional relief as the interests of justice may require.

Date: January 10, 2017

                Respectfully submitted,

| | |
|---|---|
| BARBARA L. MCQUADE | VANITA GUPTA |
| United States Attorney | Principal Deputy Assistant Attorney General |
| Eastern District of Michigan | Civil Rights Division |
| | |
| */s/ Luttrell Levingston* | */s/ Daniel J. Freeman* |
| LUTTRELL LEVINGSTON | T. CHRISTIAN HERREN, JR. |
| Assistant United States Attorney | TIMOTHY F. MELLETT |
| United States Attorney's Office | DANIEL J. FREEMAN |
| Eastern District of Michigan | JASMYN G. RICHARDSON |
| Civil Rights Unit | Attorneys, Voting Section |
| 211 W. Fort Street, Suite 2001 | Civil Rights Division |
| Detroit, MI 48226 | U.S. Department of Justice |
| | Room 7254 NWB |
| | 950 Pennsylvania Avenue, NW |
| | Washington, DC 20530 |