IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF EASTPOINTE; EASTPOINTE CITY COUNCIL; SUZANNE PIXLEY, in her official capacity as Mayor of Eastpointe; CARDI DEMONACO JR., MICHAEL KLINEFELT, SARAH LUCIDO, and MONIQUE OWENS, in their official capacities as members of the Eastpointe City Council; and JOSEPH SOBOTA, in his official capacity as Eastpointe City Clerk,<br><br>        Defendants. | Civil Action No. 4:17-CV-10079 (TGB) (DRG) |

## CONSENT JUDGMENT AND DECREE

The Attorney General filed this action to enforce Section 2 of the Voting

Rights Act, 52 U.S.C. § 10301.  The complaint alleges that the current at-large,

multiple-vote method of electing the Eastpointe City Council results in black

citizens of the City of Eastpointe having less opportunity than white citizens to

participate in the political process and to elect candidates of their choice to the City

Council, in violation of Section 2.  The United States makes no claim that the

City's at-large, multiple vote method of election is intentionally discriminatory.

The parties have entered into this Consent Decree to avoid the risks, expense, and burdens of litigation and to resolve voluntarily the claims in the United States' Complaint.

The parties stipulate as follows:

1. This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331, 1345, and 2201(a) and 52 U.S.C. § 10308(f).

2. Defendant City of Eastpointe is a political and geographical subdivision of the State of Michigan.

3. Defendant Eastpointe City Council is the legislative and governing body of the City of Eastpointe. Eastpointe Charter ch. III, §§ 1-2.

4. Defendant Suzanne Pixley is the mayor of the City of Eastpointe, the presiding officer and executive head of the City. Eastpointe Charter ch. III, § 7. As mayor, she also serves on the Eastpointe City Council. *Id.* §§ 1-2. She is named in her official capacity.

5. Defendants Cardi DeMonaco Jr., Michael Klinefelt, Sarah Lucido, and Monique Owens are elected members of the Eastpointe City Council. Eastpointe Charter ch. III, § 2. They are named in their official capacities.

6. Defendant Joseph Sobota is the Eastpointe City Clerk, the city official responsible for the administration of elections. Eastpointe Charter ch. III, § 23; Mich. Comp. Laws § 168.29. He is named in his official capacity.

7.     The Eastpointe City Council has four council members and a mayor. Eastpointe Charter ch. III, § 2.

8.     Members of the City Council are each elected at-large by all voters in Eastpointe and serve staggered, four-year terms.  Eastpointe Charter ch. III, §§ 3-4; Eastpointe Code § 2-20.

9.     Michigan law does not mandate the current at-large, multiple-vote method to elect the Eastpointe City Council.  *See* Mich. Comp. Laws § 117.3(a).

10.     According to the 2010 Census, Eastpointe had a population of 32,442, of whom 20,898 were white (64.4%), 9,837 were black (30.3%), and 1,707 were members of other racial groups (5.3%).  The City of Eastpointe had a 2010 Census voting-age population of 24,103, of whom 16,885 were white (70.0%), 6,154 were black (25.5%), and 1,064 were members of other racial groups (4.4%).

11.     The black community of Eastpointe has continued to grow since the 2010 Census.  The 2013-2017 American Community Survey (ACS) estimated that black residents made up approximately 46% of the population of Eastpointe and approximately 42% of the citizen voting-age population.

12.     While Defendants have not and do not concede the ultimate issue of Section 2 liability, Defendants nonetheless acknowledge that it would be reasonable for the Court to find that the three preconditions established by *Thornburg v. Gingles*, 478 U.S. 30 (1986), are present and that, under the totality

of the circumstances, the United States would succeed should this matter proceed to trial.

13. Defendants will discontinue the current at-large, multiple-vote method of electing members of the Eastpointe City Council.

14. Defendants will implement a method of election that provides for election of the four councilmembers of the Eastpointe City Council using ranked choice voting.

15. Defendants will maintain staggered terms for members of the Eastpointe City Council, electing two councilmembers in each regularly scheduled election.

THEREFORE, with the consent of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The current at-large, multiple-vote method of electing members of the Eastpointe City Council results in a violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301.

2. The United States did not claim, nor has there been a finding, that the method of election for the Eastpointe City Council is intentionally discriminatory.

3. Defendants, their officers, agents, employees, successors, and all other persons acting in concert with any of them shall cease conducting elections for the Eastpointe City Council based on the current at-large, multiple-vote method of

election.

4.     The current at-large, multiple-vote method of electing members of the Eastpointe City Council shall be replaced with ranked choice voting.

5.     With respect to Eastpointe City Council elections, "ranked choice voting" means the method of casting and tabulating votes in which voters rank candidates in order of choice and tabulation proceeds in rounds.  Procedures for ranked choice voting shall substantially conform to the memorandum of understanding into which the parties separately entered on June 5, 2019.

6.     Beginning with the first general municipal election on November 5, 2019, all elections for the Eastpointe City Council shall be conducted using ranked choice voting.  To the extent that technical problems render it practically impossible to implement ranked choice voting in November 2019, the parties agree to advise the Court and to seek modification of this Decree or supplemental relief from the Court.

7.     Defendants shall codify the ranked choice voting method of election for the Eastpointe City Council in the Eastpointe City Code.

8.     To the extent this Decree conflicts with any provision of the Eastpointe City Charter, this Decree shall supersede such provision.

9.     Defendants shall take all necessary steps to publicize the new method of election for the Eastpointe City Council and the election schedule (including the

candidate qualifying period) and will conduct a robust program to educate Eastpointe voters, particularly concerning ranked choice voting.

10. Notwithstanding Section 736f of the Michigan Election Law, Mich. Comp. Laws § 168.736f, Defendants may provide ballot marking instructions compatible with ranked choice voting to electors.

11. The parties shall jointly endeavor to facilitate implementation of ranked choice voting in the City of Eastpointe.

12. This decree shall expire four years from its effective date, absent further action by this Court. The parties may seek to extend this decree by mutual consent.

13. This Court shall retain jurisdiction over this matter to enforce the provisions of the Decree and for such further relief as may be appropriate.

**SO ORDERED**.

June 26, 2019

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

The Undersigned Agree to Entry of this Consent Decree.

For the United States of America:

MATTHEW SCHNEIDER
United States Attorney
Eastern District of Michigan

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

JOHN M. GORE
Principal Deputy Assistant Attorney
    General
Civil Rights Division

LUTTRELL D. LEVINGSTON
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
Civil Rights Unit
211 W. Fort Street, Suite 2001
Detroit, MI 48226

T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
DANIEL J. FREEMAN
JASMYN G. RICHARDSON
GEORGE E. EPPSTEINER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7123 NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530

June 5, 2019
Date

June 5, 2019
Date

For Defendants:

SUZANNE PIXLEY, Mayor
23200 Gratiot Avenue
Eastpointe, MI 48021

June 5, 2019
Date

ANGELA BULLOCK GABEL
ABG Law Office
7710 Carondelet Ave., Suite 405
Clayton, MO 63105

RICHARD S. ALBRIGHT
ROBERT D. IHRIE
Ihrie O'Brien
24055 Jefferson Ave., Suite 2000
St. Clair Shores, MI 48080

June 5, 2019
Date