# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Civil Action No. 4:17-CV-10079

(TGB)(DRG)

**CHRISTINE TIMMON**

22021 Donald Avenue

Eastpoint, Michigan 48021

586.675.4563

**Plaintiff**

Vs.

**Monique Owens,**

**Eastpointe City Council,**

**Cardi Demonaco,**

**East Pointe City Council,**

**Richard S. Albright,**

**Eastpointe City Attorney**

**Defendants**

## MOTION FOR INJUNCTIVE, DECLARATORY, MONETARY RELIEF AND/OR ASIDE CONSENT JUDGMENT AND DECREE

The Attorney General filed this action to enforce Section 2 of the Voting Rights Act, 52 U.S.C. @ 10301. The Attorney General was misled by members of

Eastpointe City Councilmember, Monique Owens, a black woman who is also seeking election as the next mayor of Eastpointe. Councilmember Cardi Demonaco and Eastpointe City Attorney Richard S.Albright were the political catalysts for the Rank Choice Voting. Exhibit #1, Thumb Drive of the demonstration of Rank Style Voting and their testimony at council meetings and public comment against Rank Style Voting. Plaintiff, Christine Timmon believes this Court was misinformed.

Michigan is not a Covered State under any Section of the VRA, and as such should not be subjected to VRA rules without a Congressional change so that a Court can "bail" a municipality into an Election Procedure change. Further, since laws of United States Constitution and State of Michigan Constitution laws have to be overrode, Plaintiff contends that Rank Choice Voting or any other Election changes should have been done by Referendum or Ballot Initiative because every Voter is involved. Approximately 70% of the voters don't have a clue about what Rank Choice Voting is, and are upset about the "elimination of votes" method.

The allegations of the Attorney General about black voters having less opportunity than white citizens is not true. Defendant Owens was elected to City Council without Rank Choice voting. Defendant's claims about any discrimination is based on political opportunism. Owen and Demonaco are mayoral candidates

who have spouted discrimination, when the issue is "Gentrification" that is being done all over America to bring black city dwellers to the suburbs. That is not discrimination. Gentrification is working well and people are getting along.

It is a travesty that Defendants, Owen, Demonaco and Albright have brought this racial slander and shame on our community. Eastpointe is diverse, yet equal. All races, creeds, colors, genders, and religions interact together. Everybody is working in all fields of employment. The fact that the voters were not given the opportunity to vote on this issue by Referendum or Ballot Initiative gives rise to discontent, and fear about voting.

With Gentrification, the number of blacks has increased severely since the June 5, 2019 signing of the **MEMORANDUM OF UNDERSTANDING** by the Attorney General, and Eastpointe City Attorney, Richard S. Albright. This Court has the opportunity to view both sides of the matter with this correspondence. The Voters of Eastpointe, Michigan had no voice of power to object to Rank Choice Voting Election changes at the ballot or referendum.

Defendants should stop their misinterpretation of "discrimination" and/or "Gentrification". Discrimination and racism are weapons and tools for political gain and elected office which is in violation of the Constitution, Amendment XV.

-3-

Defendant, Albright, the Eastpointe City Attorney, gave inadequate representation for the voters of Eastpoint, as did Defendants Owen and Demonaco, the two City Councilpersons who were the catalysts in instituting Rank Choice Voting. This appears to be a system called "slate blocking" where two or more candidates with the same interests institute a plan to block the favorite. Owen, Demonaco and Tonya Gladney, a mayoral candidate, all support Rank Choice Voting. They outnumber the Favorite three to one. Plaintiff contends since Owen was elected to Eastpointe City Council before Rank Choice Voting, it was not needed and is a political ploy to control votes for their campaigns.

The Plaintiff stipulates as follows:

1. This Court has original jurisdiction of this action under 28 U.S.C. @@1331, 1345 and 201(a) and 52 U.S.C. @ 10308(f)

2. Defendants are members of Eastpointe City Legislative Government. Eastpointe Charter ch. III @@ 1-2.

3. Defendants Monique Owens and Cardi Demonaco are City Council members. Eastpointe Charter ch. III, @ 2. They are sued in their official capacities for using Rank Style Voting to control the election for City Council under false pretenses of discrimination and racism. Eastpointe is not discriminative or racist. We are doing well with government "gentrification."

4. Members of the City Council are each elected at-large by all voters in Eastpointe and serve staggered, four year terms. Eastpointe Charter ch. III, @ 3.

5. Defendants Owens and Demonaco are sued in their personal capacities for using Rank Choice Voting to further political gain in the Mayoral race and the City Council race.

6. Stipulation 9. Is inaccurate in stating no black candidate has ever been elected to the Eastpointe City Council over a white candidate. Defendant Owens, who is black was elected before Rank Choice voting was instituted.

-4-

7. The racial statistics in Stipulation 10. do not reflect the true feelings and emotion of the voters of Eastpointe. Plaintiff is a black voter who is voting for three of the white persons who are candidates and none of the black candidates as some black electors will do because of fear of a "Detroit" style corrupt legislative body.

8. The stipulation in 11. Rests this case. With gentrification, blacks will be equal or more in population than whites. Rank Choice Voting is a rush to judgment that is being used for political gain to control the next four years.

9. The Stipulation in 12. The ultimate issue of Section 2 liability was misrepresented to the Attorney General by Defendants. There were other ways to level the racial divide with "Ward" voting and/or a "Designated Minority" candidate. Defendants chose to Stigmatize Eastpointe citizens with claims of discrimination as the totality of this issue.

10. The Stipulation in 13. That no proof of discrimination is necessary to establish Section 2 liability is not written in the Voting Rights and is unconstitutional.

11. Voters do not have to comply with Stipulations in 15. Many will only vote for one candidate and not rank their votes to see where their votes were placed. There may b challenges if a voter's choice did not receive their vote.

**THEREFORE,** Plaintiff, Christine Timmon prays that this court will Injunct the Rank Choice voting and declare it unconstitutional and puts the City of Eastpointe in a false light as discriminating racists. Rank Choice Voting abridges, eliminates and chooses who the winners are in the Eastpointe City Council election to the disdain of the voters. Should the Court be unable to issue an Injunction because of timely matters, Plaintiff prays the Court will Injunction Defendants and the City of Eastpointe from entering Rank Choice Voting without a Hearing from Plaintiffs and other voters with this Motion to Injunct already documented by the Court for that time.

## UNITED STATES CONSTITUTIONAL STANDARDS AND LAWS

Defendants' Rank Choice Voting Violates the following Constitutional laws:

1. Amendment XV prohibits the United States and States from denying or abridging voting rights based on color, race or previous condition of servitude.
2. Amendment I provides Free Speech. Votes are your speech for election.
3. Amendment XIII, abolished servitude and slavery. Rank Choice Voting lets the City use your vote for others who did not earn it in servitude.
4. Amendment IX prohibits Rank Style Voting from denying certain rights of the people or disparaging their votes by transfer or eliminating votes.
5. Amendment IV prevents the search and seizure of voting documents against unreasonable searches.
6. Amendment XIX prohibits the United States or any State from denying or abridging rights to votes based on sex as Rank Choice Voting does.
7. Article I, Section 2, prohibits the United States or States from using divisions or percentages of persons as was done in slavery when blacks were 3/5ths a person. Rank Choice Voting describes votes in percentages. Each vote represents one voter, not a percentage of the voter.

## STATE OF MICHIGAN CONSTITUTIONAL STANDARDS AND LAWS

ARTICLE I:

1. All political power belongs to the people.

3. No man or set of men are entitled to separate priorities.

6. Right of Conscience lets voters elect the person of choice and conscience. Rank Choice Voting has no conscience.
7. Freedom of Speech. Rank Choice Voting denies freedom of speech.
8. Illegal Search and seizure. Rank Choice Voting searches through ballots and seizes them at random or by computer.

In closing, PLAINTIFF PRAYS THIS Court will recognize that Rank Style Voting violates the Civil Rights Act of 1964 that prohibits using race, creed, color or gender for any purpose. Rank Choice voting eliminates vote and denies votes. The purpose of elections is to ensure that everyone has the opportunity to vote and have their votes counted. In a California County, 600,000 votes were eliminated.

Defendants Albright, Owens and Demonaco had several choices that should have been put to the voters by Ballot Initiative or Referendum. Defendants could have brought in Ward voting and/or "designated minority" voting. Had they done so, Citizens of Eastpointe could have made suggestions at public comment.

Defendants used deceit of federal agencies and violated 1983 clearly established constitutional rights/laws as this document shows that prohibits all governments from any denial of free speech and rights to vote. Section 2 of VRA does not rise to the level of overcoming U. S. Constitutional and State of Michigan Constitutional laws, especially with the United States Supreme Court on the verge of ruling out VRA laws because they are obsolete and impede today's purpose of Gentrification to relocate inner-city and minorities to the suburbs peacefully.

PLAINTIFF CONTENDS THAT Defendants abused their official capacity and no longer have public trust in their conspiracy against freedom of voting. These Defendants have used legislation to further their political campaigns with their speeches on the dais at Eastpointe City Council meetings several times. The legality of this is questionable. Multi-thousands of dollars were wasted.

## **PENALTY PHASE**

For abuse of official capacity and presenting an inadequate defense to protect the finances of the City of Eastpointe from being spent inappropriately by councilpersons in this Rank Choice Voting Debacle, City Attorney Richard S. Albright should resign out of respect for himself. Not only did he present a lousy defense, he appeared to Rollover and let the chips fall where they may. Legally, Albright should have called for all councilpersons to recuse themselves because they had political and financial interests to support Rank Choice Voting. Attorney Albright should have required Defendants to institute a Ballot Initiative or forms of Referendum Balloting for a vote of the people; and recusals of city councilpersons so the voters could elect candidates by Ward voting or some other legal method.

For abuse of official capacity and using the legislative process to institute Rank Choice Voting in which Councilperson Monique Owens had several vested interests for her Dual Campaign to be elected Mayor or remain on city council and using public tax dollars to support her campaign from the dais; the City of Eastpointe should Disqualify candidate Owens from this election. Owens had the legal responsibility to recuse herself because of the vested interests named or institute Other legal methods of voter election such as Ward voting. Owens has

-8-

violated Public Trust and is no longer credible. She appears to be in a scheme with other Rank Choice proponents to use "Slate Blocking" against the favorite. Legislative processes are prohibited from using political tactics to support candidates or such proposals that advance political causes. Owens should be disqualified from this election.

For abuse of official capacity and using the legislative process to institute Rank Choice Voting in which Councilperson Cardi Demonaco had several vested interests for his Dual campaign for Mayor and retaining his council seat by using public tax dollars to support his campaign from the Dais, Demonaco should be disqualified from this election. Demonaco had the legal responsibility to recuse himself because of the named vested interests or institute other legal methods of voting such as Ward voting. Demonaco has violated public trust and is no longer credible in this scheme of "Slate Blocking" the favorite. Legislative process are prohibited from using political tactics to support candidates or such proposals that advance political causes. Demonaco should be disqualified from this election.

Candidate Tonya Gladney should be disqualified from this campaign for using the tax paid public forum to overthrow the Constitutional government in her Campaign for Mayor of Eastpoint, Michigan. Gladney stated even of Rank Choice

voting is unconstitutional, she would institute it. That would be a direct violate of her Oath of Office for all elected official in the United States Constitution. Candidates are prohibited from disseminating propaganda and discourse that calls for the overthrow of the Constitutional government of the United at public funded forums. It is not free speech to advocate overthrowing the government, especially at the tax payers expense. Such propaganda must be done privately and carefully. Candidate Tonya Gladney should be disqualified from this election for the reasons previously stated.

Defendants used Deceit of federal agencies to support violating 18USC1983 that protects clearly established constitutional rights of free speech and voting. Section 2 of the Voting Rights Act cannot rise to any level to defeat all of the State of Michigan Constitutional Laws and United States Constitutional Laws and the Civil Rights Act of 1964 that ALL prohibit using race, creed, color, religion, gender and nationality for any reason in municipalities or any governments without narrow tailoring and United States Supreme Court orders to adjust racial inequities.

Therefore, Plaintiff, Christine Timmon, prays that his Court will award her as an individual voter whose constitutional rights to select her candidate from her own conscience has been denied, abridged and eliminated by Defendants' Rank

Choice Voting, the amount of Two-Hundred Fifty Thousand Dollars, ($250,000). Plaintiff also prays that this Court appoint an attorney to represent all Eastpointe voters in a Class-Action lawsuit for previous reasons stated. We realize that this Motion for Injunction may not be timely, but we pray that the Court will use this document as the catalyst to prohibit Rank Choice from ever being instituted again in Eastpointe, Michigan. This matter is a Gentrification issue. We must find ways to institute it peacefully with community coalitions of all suburban municipalities to find a "Golden" way to merge all races, and colors instead of focusing on black and/or white. Plaintiff would like for the Court to join her and visit our beautiful

City of Eastpointe, Michigan's neighborhoods, and restaurants to see the great interaction between all citizens. Defendants have misled the Court that we are a bunch of race hating bad people. Come see for yourself. We love everybody!

## PROOF OF SERVICE

**I, Christine Timmon, Plaintiff in this action against Defendants, Albright, Owens, Demonaco, and Gladney, certify delivery to the Clerk of the United States District Court and the Clerk of Eastpointe, Michigan at their duly registered addresses on this day of October 21, 2019.**

Christine Timmon, *Christine Timmon*

Pro Se Litigant, Registered Vote of Easpoint, Michigan

October 21, 2019        22021 Donald Avenue
                        Eastpointe, MI 48021