# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF EASTPOINTE**, **et al.**, <br><br> Defendants. | 17-cv-10079 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER STRIKING MOTION FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF OR TO SET ASIDE CONSENT JUDGMENT** |

Before the Court is a motion for "injunctive, declaratory, and monetary relief, or to set aside consent judgment" filed by a non-party to this action, Christine Timmon. ECF No. 64. The motion is opposed by Plaintiff, the United States of America, ECF No. 71, and by Defendant Cardi DeMonaco as well as non-party Monique Evans, the Mayor of Eastpointe, who have moved to strike Timmon's motion. ECF No. 73. Because the Court finds no legal basis to support Timmon's motion, it will strike the motion sua sponte and deny as moot the motion to strike filed by DeMonaco and Evans.

## BACKGROUND

This case began when the United States brought a civil action against the City of Eastpointe and related Defendants alleging that

1

Eastpointe's method of electing its City Council members violated Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. After the Court denied Defendants' motion for summary judgment and to exclude certain evidence, the parties engaged in a mediation and settlement process with the United States Magistrate Judge. Following a great deal of hard work they agreed on a consent decree, approved by this Court, that resolved the United States' lawsuit against the City of Eastpointe and related Defendants. As part of the consent decree, Defendants agreed to discontinue the previous at-large, multiple-vote method of electing City Council members. ECF No. 64, PageID.2692 (Jun 26, 2019 Consent Decree). Instead, the parties agreed that beginning with the City's November 5, 2019 municipal election all elections for the Eastpointe City Council would be conducted using the ranked-choice voting method. ECF No. 64, PageID.2693.

After the consent decree and judgment were entered (and this case closed), however, non-party Christine Timmon, a resident of the City of Eastpointe, filed a motion taking issue with the consent decree and Eastpointe's new ranked-choice voting system. Timmon was never a party to this lawsuit and for that reason the Court finds she is not entitled to seek relief from the Court's entry of judgment in this case pursuant to Rule 60(b) of the Federal Rules of Procedure. Further, any effort to intervene in this matter consistent with Rule 24 would be untimely. Fed. R. Civ. P. 24. Consequently, the Court will sua sponte

strike Timmon's motion, ECF No. 68, and related settlement proposal, ECF No. 69, and deny DeMonaco and Evans's motion to strike, ECF No. 73, as moot.

## DISCUSSION

**A. Rule 60(b)**

Because the primary relief Timmon seeks appears to be setting aside the consent decree, the Court construes her motion as one for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. That rule provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for essentially any "reason that justifies relief." Fed. R. Civ. P 60(b). Timmon, however, is not a party to this action nor is she the legal representative of any party. She therefore lacks standing to file a Rule 60(b) motion for relief from judgment.[1] *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 939–40 (6th Cir. 2013) (finding that the plaintiff, as a non-party, did not qualify for relief under the plain language of Rule 60(b)); *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980); *Ericsson, Inc. v. InterDigital Comms. Corp.*, 418 F.3d 1217, 1224 (Fed. Cir. 2005) ("The plain language of Rule 60(b) only allows relief to be given to 'a party' to the litigation.").

---

[1] There is an exception to this rule that permits a non-party to raise a claim of fraud on the court. *Southerland*, 628 F.2d at 980 (citing *Root Refining Co. v. Universal Oil Prods. Co.*, 169 F.2d 514, 522–25 (3d Cir. 1948), *cert. denied*, 335 U.S. 912 (1949)). But Timmon does not present any specific allegations of fraud on the court, nor are her conclusory statements supported by evidence. This falls short of what is required by the Sixth Circuit to show fraud on the court. *See Workman v. Bell*, 245 F. 3d 849, 852 (6th Cir. 2001).

3

The Court will accordingly deny Timmon's request for relief from the consent decree to the extent she is seeking relief under Rule 60.

## B. Rule 24(a)

Timmon does not explicitly frame her filing as a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, but the Court will nonetheless assess whether she should be permitted to intervene in this lawsuit. Considering the factors relevant to assessing motions to intervene, even if Timmon's motion is generously construed as a motion to intervene it would be untimely.

Rule 24(a) of the Federal Rules of Civil Procedure permits an individual to intervene in a lawsuit "[o]n timely motion" if she "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." If the motion to intervene is untimely, the court must deny it. *United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2013) (citing *Mich. Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981)).

Assessing timeliness is "a matter within the sound discretion of the court" and is reviewed only for abuse of discretion. *City of Detroit*, 712 F.3d at 930. Factors relevant to determining timeliness of a motion to intervene include: "(1) the point to which the suit has progressed; (2) the

4

purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances mitigating against or in favor of intervention." *Grubbs v. Norris*, 870 F.2d 343, 345–46 (6th Cir. 1989). Although courts may permit intervention even after final judgment has been entered, they may do so only "for the limited purpose of appeal" or "to participate in future remedial proceedings." *City of Detroit*, 712 F.3d at 932 (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977); *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 129 (D.C. Cir. 1972)).

The United States filed this lawsuit on January 10, 2017. ECF No. 1 (Compl.). The case received local media attention from its outset and following the Court's denial of Defendants' motion for summary judgment on March 27, 2019. Timmon does not explain when she first learned about the lawsuit but given her familiarity with Eastpointe politics it stands to reason she heard about the case well before the consent decree was entered on June 26, 2019. She also acknowledges that the City Council made a presentation about ranked-choice voting at one of its meetings and allowed public comment on the system, presumably around the time the consent decree was being contemplated. ECF No. 68,

5

PageID.2749 (Timmon's Motion). Based on these circumstances, it seems likely Timmon "knew or should have known" of the proposed consent decree at a date far earlier than her October 21, 2019 filing. *See NAACP v. New York*, 413 U.S. 345, 366–67 (1973).

Further, the consent decree was the result of extensive motion practice and lengthy negotiations between the United States, the Eastpointe City Council, and other relevant stakeholders. Implementing the decree also required Eastpointe officials to study, consider, adopt and publicize a new system of voting in advance of the November 5, 2019 City Council election. The parties worked together diligently to fine-tune the details of the new voting system before the election, including by obtaining federal and state certification for tabulation systems and resolving technical issues to ensure a smooth electoral process. ECF No. 71, PageID.2767. The City Council also expended significant financial and human resources to reprogram voting machines and carry out voter education. ECF No. 65, PageID.2729 (Joint Motion to Approve Consent Judgment Hearing Tr.). Timmon did not file her motion until approximately two weeks before the election was scheduled to take place and four months after this Court entered the consent decree. At that point the City had already distributed absentee ballots and made ballots available for in-person absentee voting. ECF No. 71, PageID.2767 (Gov't Resp. Br.). Given the substantial efforts undertaken by the parties to reach a fair resolution that will ensure the votes of minority Eastpointe

6

residents are not diluted, the Court finds that permitting Timmon to intervene in this case at such a late date with the goal of setting aside the City's new voting system while it remains in its infancy would needlessly prejudice the parties and create uncertainty about the future of the Eastpointe's electoral system.[2]

Because Timmon lacks standing to assert a motion for relief from the consent decree and fails to meet the legal requirements to intervene in the lawsuit at this late stage, the Court will strike her motion. While this decision does not require the Court to address the merits of Timmon's claims, it is clear from even a cursory review that they have no legal merit and merely express Timmon's personal dissatisfaction with the new voting system. Because the Court will strike Timmon's motion, it will also deny her request for appointment of counsel. *See Bennett v. Smith*, 100 F. App'x 663, 635 (6th Cir. 2004) (stating that appointment of counsel in a civil case is warranted only in "exceptional circumstances").

## CONCLUSION

For these reasons, Christine Timmon's motion for injunctive, declaratory, and monetary relief or to set aside the consent decree, ECF No. 68, is **STRICKEN**, as is Timmon's proposal to settle her claim by having the City of Eastpointe voluntarily agree to forego all future use of

---

[2] The Court observes that, according to the United States, voter turnout during the 2019 Eastpointe City Council election increased by 48% from the City's November 2017 election. ECF No. 71, PageID.2767.

7

ranked-choice voting, ECF No. 69. Cardi DeMonaco and Monique Evans's motion to strike Christine Timmons's motion, ECF No. 73, is **DENIED AS MOOT**. The Court further instructs Timmon that she is not permitted to file any other motion or brief in this case; any such filings will immediately be stricken. If she wishes to challenge the City of Eastpointe's ranked-choice voting system, she must do so by filing a separate lawsuit.

**SO ORDERED.**

Dated: January 10, 2020        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE